thank you final case for argument today is United States versus Ibarra all right there are the council right there and I believe that miss I how do you say this I got Augustine right okay I apologize okay and and then for the good morning and may it please the court Jessica Agatstein federal defenders on behalf of mr. Ibarra this case is about whether a court can make a per se rule about the mitigating value of addiction it can't doing so violates the Supreme Court's decision and pepper the sentencing scheme in 30 in a nutshell isn't your position that it must be considered as a mitigating factor no your honor you will certainly consider and discussed in some length but not as a mitigating fact that that's correct your honor it was discussed the difference is district court cannot create per se rule about a category within 3553 a for example a district court could not rule out employment history as relevant as irrelevant to any drug importation case for example it could always say I don't find the employment history mitigating in this case however particularly as to addiction the Supreme Court and pepper considered addiction and sobriety and it made it plain that there's no question that this evidence is a critical part of the history and characteristics of a defendant that Congress intended sentencing courts to consider and so the difference is pepper made clear that the district court should use the fullest information possible and in sort of an individualized sense and each sentencing and then the question becomes whether it's persuasive in that particular case but that's not what the district court did here is what the district court did in your mind either a procedural error or a substantive error a procedural error okay and what's our standard of review under that circumstance it would be abuse of discretion okay I'm happy to address why it's not plain error if that would be helpful to the court well it wasn't objected to so tell us about that okay so as we noted in our briefs there are two ways to preserve an error so asking the court to take an action is one and then of course objecting is the other one because mr. Ibarra asked the court to take his addiction into account during his sentence said something he asked the court to take that action and that's enough to preserve the error here what puzzles me counsel that as you know the court sentenced your client to well below the guidelines how do we know that he didn't take that into account in making that determination because he explicitly said he would not he did on in the quote that both me and the government discuss it lengthen our brief he you know said addiction won't mitigate importation I don't think it's relevant I don't believe that I don't make that finding and because of that explicitness we're here discussing this procedural rule we're not and how how do you benefit from in this case this judge if we agree with you and we send it back isn't your client likely to get a worse sentence I don't think so your honor and that's because the parties all agreed in this case the government the probation officer you know the district court obviously obviously us that below significantly below guideline sentence was appropriate in this case and so the question becomes whether you know even a matter of days or a matter of a month is a meaningful difference in Mr. Ibarra's sentence you know we're not talking about years and years of potential difference obviously the district court believes you know the aggravating factors in this case won't change but the addition of considering addiction and particularly Mr. Ibarra's meaningful sobriety on pre counsel counsel let me interrupt you for a minute please it still sounds like you're arguing that it must be considered as a mitigator the district court here said he didn't make that finding that it was a mitigator he didn't say I will never include will consider sale of drugs or addiction to drugs period he looked at it individually and in this case he said I don't believe that I don't make the finding it does explain bad judgment it explains judgment that is a variance with legally blameless life of 2019 so I do have that in mind as well but he didn't give it as a mitigator he considered it and I want to ask you specifically how your position is not requesting consideration only as a mitigator here's how so the district court announced a larger rule about how addiction affects importation cases well he said announced it as to this case so here's why he didn't announce it to this case because he did not use the facts of this case when he said it'd be a very perverse mitigating factor to say oh you found a way to get easy money using you know drugs himself obviously which I take into consideration as a matter of judgment I don't think it's mitigating now how much more clear can you get than that well the next sentence makes it more muddled and here's what if he had said I never take into account addiction period I'm not going to take that into account anybody then I think you'd have a point but I don't think he said that he did say something close when it comes to importation cases he said it would be very perverse to say oh you're using methamphetamine and addicted to it so that somehow mitigates he said it would be very a very perverse mitigating to say oh you're using methamphetamine so it somehow mitigates the crime of bringing a boatload into the United States yes your honor and here to be clear my client was not addicted to methamphetamine those weren't the facts of his case and that language there also has the language of the rule but so I understand your reading of the record and I do want to in our reply brief sets up what to do when the district court says makes an erroneous statement and then also says other things in the record that make it more muddled and in that case the district court appeared to have made an erroneous rule under 3553 a and then made a citation to another case that suggested maybe it didn't and in that case this court remanded because the record was when there was an erroneous statement and then one at odds with it that created an ambiguity want to save time or you want to go ahead I'm happy to thank you okay let's hear from the government morning your honors and may it please the court Jacqueline stall for the United States the district court here did not commit plain procedural error when it imposed a sentence 45 months below the low end of the applicable guideline range context is key but a bar in support of his argument plucks a single sentence from a 27 page transcript in the context of the record here the district court did not air turning to judge Smith's question the standard of review here should be plain error there was no objection to either the application or consideration of the 3553 a factors here and this court's case law and Valencia bargain footnote three states that where an individual makes a substantive argument regarding mitigation that preserves a substantive claim but not a procedural claim as my colleague conceded here this is a procedural argument on appeal when counsel did object to the court's failure to treat addiction is mitigating you agree with that on appeal yes your honor no I thought during the colloquy they objected initially I think that was enough to preserve it even though they did not seek in the appeal plain error review they made arguments regarding his drug abuse I did as did the government but they did not object to the district court stating that it was not mitigating in this case but they did make a request to the district court and argued in favor of that request and they didn't take an exception as such isn't that enough no your honor as and turning to one of your other questions regarding mitigation there is no rule in any case law stating that a district court must find drug abuse mitigating in pepper the Supreme Court stated that drug abuse may be an appropriate consideration and that it may warrant departure in some circumstances in Garcia this court also stated that it was leaving to the district court to determine whether drug abuse was mitigating or appropriate consideration in that case there is no case law stating that a district court must consider it as mitigating and the court in particular here did address that did address a bar as drug abuse it read the party submissions and heard argument it then stated that it was not finding it mitigating but that it took it into consideration it also continued to consider it when imposing supervised release in part because of of ours drug addiction and imposing conditions of drug testing and treatment it also records recommended the RDA program the residential drug abuse program to the Bureau of Presence the court stated that it hoped it fortified of ours desire not to return to drugs after his release from custody all of this shows that the 3553 a factors and did not air unless the court has any further questions the United States respectfully request that this court affirm the 90-month custodial sentence and order a very limited remand with respect to the supervised release conditions discussed in our briefing now we're just gonna I'm just gonna ask you about that yeah yeah with respect to the remand your letter your letter or somebody from the government suggested that may be to be a good idea to just remand for all of the special conditions is that your position yes your honor this court can fashion an appropriate remedy and the reason we filed a 28 J letters because the facts the facts of that case are similar with regard to fashioning a remedy and Reyes the court found a wise error with regard to the provision this court found an appropriate remedy was to remand for reconsideration of all of the supervised release conditions here the do not travel to Mexico condition is key especially in light of a bar is fleeing to Mexico while on bond and his nearly year-long smuggling venture smuggling drugs and money between the United States and Mexico so an appropriate remedy here would be allowing the district court to reconsider all of the I have a question about that I know the government has conceded that the district court should have done more to support the travel restriction just candidly I'm surprised at that concession I I read Wolfchild is saying two things that if you have a condition that implicates a fundamental liberty interest that you've got to do a fuller finding then the then the ordinary than the run-of-the-mill condition will say and then separately Wolfchild says quote additionally if a it's a defendant's family relationship then the district court needs to make findings related to why interference with that relationship is needed to meet the sentencing goals so my question is when you concede that the district court needs to do more which is the standard that the government thinks applies the implicating a fundamental interest or the targeting a family relationship your honor the to clarify the United States is agreeing to a very limited remand to allow the district court to more fully develop the record here a bar stated that his whole life was in Mexico and mentioned several family members in Mexico there's not the United States is conceding that there's not enough in the record here to determine whether the heightened procedures are in fact triggered in contrast in Dominguez the factual record was developed that none of his family could travel to the United States that he had lived in Mexico his entire life that he didn't speak English we do not have all of those facts addressed here so I guess so another way to ask my question is based on the condition that the district court actually imposed is it the government's position that the rule in Wolfchild about conditions that target family relationships could ever apply I apologize your honor I'm not sure I'm clear about where I'm at on this I don't see however how a condition that says you can't travel to some place targets a family relationship I get that there's a practical consequence of that under some factual scenarios and probably here where his whole family is in another country but I don't think you can read a condition that it says nothing about family relationships as targeting them even if there's that practical consequence so my question what I'm down to the district court and concede that that heightened standard and Wolfchild which was imposed in a case where the condition that issue directly related to a family relationship is going to apply and I'm aware that there is an unpublished disposition out of our court that suggests that maybe so maybe a practical consequence is enough to trigger that double level heightened standard if you want to say from Wolfchild but I don't see it so I'm just curious where the government is there as an initial matter this court is not bound as a matter of law by the government's concession here of course but the United States will not concede below that the district court necessarily has to impose the heightened standard the limited remand here would be allowing the district court to develop the factual record and the United States acknowledges that Dominguez is not binding on this court however given that Dominguez applied Wolfchild a published case to facts very similarly situated here the United States felt that in our duty of candor mentioning that we would we would not oppose further factual development was the appropriate consideration here but no this may be a case in which the do not travel to Mexico condition is in fact correctly imposed without further findings if the court finds it does not if the district court develops the condition does not infringe on a familial relationship the district court would be within its discretion to make that finding upon further factual development does that address your question your honor I mean it does I I'm still not sure that we see that you're seeing the concern that I have but I understand your position thank you your honor other questions maybe have additional things you want to say no your honor unless the court has questions the United States would request that you affirm the 90-month custodial sentence in order the limited remand thank you for your time very well thank you let's hear now back from the appellant please sure so to your point judge Forrest on my reading on Wolfchild I don't know that I see two different rules on issues that conditions that implicate the family relationship versus target those are two different verbs in this opinion but they seem to be used interchangeably so I think it is the same standard as if that's right then wouldn't a fair reading of Wolfchild mean it wouldn't apply here at all that no heightened standard applies in this case because the condition at issue is inherently impacted family relationships because it was you can't be around certain people and here the condition is simply you must stay in this country so I guess no more specifically you can't go to Mexico right so the reason that Wolfchild applies to this is so in that case there was no condition that the defendant not live with his children right it was anyone under 18 and so the district court it implicated his right to family integrity because there the district court didn't know that he had children and that his partner had children so I get that but the problem and the difference is that the condition inherently relates to interference with relationships with other people and this one does not it does because the district court knew that mystery bars family cannot come to the United States and if they decide well I don't know if that's true I don't know if that's true citizens of the United States but they could come and visit and there's nothing about that condition that if they're able to figure out the logistics of that that he can't be with them so the district court didn't know that they couldn't come to the United States because he had moved several times to visit them in Mexico because they could not come to the United States so the district court was aware of the particular facts of his case here but and I I would say that my colleague is correct that we didn't get that far we dealt with specific facts where the family was involved but I think when you go back down that the district court needs to develop the record I believe that he could bar going to Mexico if he had a reason to do so and explained it but as my colleague points out here there's really no mention per se about that so when you go back down this record should develop it and you all will do a splendid job I'm sure representing your respective interests questions by by either of my colleagues thank you both for your argument in the case of the United States versus a bar that case is now submitted and the court stands adjourned for the day
judges: Kelly, SMITH, FORREST